UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| EDGARTOWN ART GALLERY, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 12-11549-JLT |
| | * | |
| IL TESORO, INC. and A.J. BLACK, | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM

February 19, 2013

TAURO, J.

I.   Introduction

This action arises out of the alleged breach of a lease to operate a restaurant at the Charlotte Inn on Martha's Vineyard. Plaintiff Edgartown Art Gallery, Inc. ("EAG") brings five counts against Defendants: 1) breach of contract; 2) breach of the implied covenant of good faith and fair dealing; 3) breach of personal guaranty; 4) interference with advantageous business relationships; and 5) violation of Mass. Gen. Laws ch. 93A. Before the court is Defendants' Motion to Dismiss [#6]. For the reasons below, Defendants' Motion to Dismiss [#6] is DENIED.

II.   Facts[1]

EAG and Defendant Il Tesoro, Inc. ("Il Tesoro") entered into a lease on May 1, 2009. Il Tesoro agreed to lease the restaurant space at the Charlotte Inn and operate a high quality

---

[1] The court takes the following facts from EAG's complaint, Notice Removal, Ex. 1, at 3 [#1] [hereinafter Compl.], and presents them in the light most favorable to EAG.

1

restaurant called "Il Tesoro at the Terrace." Defendant A.J. Black executed the agreement as both president of Il Tesoro and personal guarantor.[2] The lease contained an initial one-year term, with an option to renew for four more years. Il Tesoro did not exercise its right of renewal prior to the end of the initial term, but EAG allowed it to operate the restaurant under the same lease terms.[3]

Defendants' performance did not measure up to EAG's expectations as set forth in the lease. Among other failings, Il Tesoro refused to maintain the restaurant's required hours of operation and dress code.[4] Its poor performance caused the restaurant to receive consistently poor reviews.[5] Il Tesoro also failed to acquire adequate insurance and pay all of its vendors.[6] As a result of failings throughout Il Tesoro's tenancy, EAG exercised its right of termination in January 2012.[7] Defendants subsequently appropriated EAG's property and goodwill by using the restaurant's name without permission.[8] They also refused to surrender the restaurant's liquor license, which prevented EAG from opening a new restaurant at the inn throughout 2012.[9]

III.   Analysis

   a.   Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a complaint must include factual allegations that demonstrate a plausible claim for relief.[10] The "court must 'take all factual

---

[2] Compl. ¶ 6.
[3] Compl. ¶ 7.
[4] Compl. ¶¶ 9, 12.
[5] Compl. ¶ 13.
[6] Compl. ¶¶ 10, 15.
[7] Compl. ¶ 17.
[8] Compl. ¶ 14.
[9] Compl. ¶ 19.
[10] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-58 (2007).

allegations as true and draw all reasonable inferences in favor of the plaintiff.' "[11] Nevertheless, the court need not accept the plaintiff's legal conclusions, and the plaintiff must provide more than "labels and conclusions or a formulaic recitation of the elements of a cause of action."[12]

### b.   Defendants' Motion to Dismiss

Defendants raise several arguments in support of dismissal. They argue that the Statute of Frauds bars any subsequent oral agreement between the parties because the original lease involved real property and contemplated a four-year renewal period. Thus, Defendants argue, EAG's claims predicated on the existence of the lease – breach of contract, implied covenant of good faith and fair dealing, and personal guaranty – must fail. Defendants argue that the remaining claims must fail because EAG has not alleged sufficient facts to state a claim.

Defendants' arguments fall short. As to Counts I-III, EAG has sufficiently alleged that upon expiration of the lease, Il Tesoro became a tenant at will subject to the same terms as the original lease. A holdover tenant becomes a tenant at sufferance, "[b]ut a tenancy at sufferance is readily changed into a tenancy at will by express or implied agreement of the parties. Whether there has been such agreement is, of course, commonly an issue of fact."[13] The tenant at will holds the premises "according to the terms of the written lease, in the absence of a new agreement,"[14] " 'the only difference being that, instead of being in under a written lease and for a fixed term, they [are] in by parole and as tenants at will.' "[15] EAG's averments that Il Tesoro continued to operate

---

[11] Pettengill v. Curtis, 584 F. Supp. 2d 348, 362 (D. Mass. 2008) (quoting Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 96 (1st Cir. 2007) (emphasis omitted)).
[12] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).
[13] Staples v. Collins, 73 N.E.2d 729, 730 (Mass. 1947).
[14] Boudreau v. Johnson, 134 N.E. 359, 361 (Mass. 1922).
[15] Id. (quoting Walker Ice Co. v. Am. Steel & Wire Co., 70 N.E. 937, 939 (Mass. 1904)).

a restaurant with permission for nearly two years after the lease expired sufficiently allege the creation of a tenancy at will. Thus, EAG's first three counts may proceed.

Defendants' remaining arguments rest on a largely inaccurate reading of EAG's complaint. Contrary to Defendants' assertion, EAG does allege that it terminated the lease pursuant to the lease's termination provision.[16] And, EAG's claim for interference with an advantageous business relationship does not fail because EAG never intended to operate its own restaurant. Rather, EAG sufficiently alleges that Defendants interfered with the relationship between EAG and its inn customers.[17] Similarly, EAG does not seek to hold Defendant Black liable for Il Tesoro's tortious conduct and breaches of contract but rather for his alleged individual conduct, which, of course, must be proved at trial.

Finally, EAG has stated a claim for violation of Mass Gen. Laws Ch. 93A. Chapter 93A prevents unfair or deceptive trade practices.[18] "[C]onduct 'in disregard of known contractual arrangements' and intended to secure benefits for the breaching party constitutes an unfair act or practice for c. 93A purposes."[19] EAG has alleged more than a mere breach of contract.[20] It claims that Defendants misappropriated its goodwill and property, failed to pay debts to third party vendors, and refused to surrender the restaurant's liquor license, preventing EAG from opening a new restaurant.[21] EAG's allegations withstand Defendants' motion.

---

[16] Compl. ¶ 17.

[17] Compl. ¶ 28; see Fafard Real Estate & Dev. Corp. v. Metro-Boston Broad, Inc., 345 F. Supp. 2d 147, 154 (D. Mass. 2004) (listing elements of claim for interference with advantageous business relations).

[18] See Ahern v. Scholz, 85 F.3d 774, 796 (1st Cir. 1996) (citing Mass. Gen. Laws Ch. 93A, § 11).

[19] Anthony's Pier Four, Inc. v. HBC Assocs., 583 N.E.2d 806, 821 (Mass. 1991).

[20] See Ahern, 85 F.3d at 798 ("The simple fact that a party knowingly breached a contract does not raise the breach to the level of a Chapter 93A violation.").

[21] Compl. ¶¶ 14-15, 19.

## IV.     Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss [#6] is DENIED.

AN ORDER HAS ISSUED.

/s/ Joseph L. Tauro
United States District Judge